HOLTON & a. *v.* OLCOTT, *Ex'r.*

A person aggrieved by a decision of a judge of probate, who failed to appeal therefrom within sixty days from the time it was made because he did not know that it had been made, may be allowed an appeal on the ground of mistake, accident, or misfortune, if injustice is done by the decision.

In such a case, if the person made no special arrangement to be notified within the sixty days, this alone is not legal negligence, such as, in law, makes him guilty of unreasonable neglect.

Injustice is done, within the meaning of Gen. St., c. 188, s. 7, when it appears that there are important questions at issue, which the petitioner, in good faith, desires and intends to try, and some evidence is offered tending to sustain the reasons of the appeal.

PETITION, under Gen. St., c. 188, s. 7, for leave to appeal from a decision of the judge of probate, allowing the final account of the defendant. Facts found by a referee. The petitioners are heirs at law of the testator. The account was allowed in this county, September, 1875. The executor gave the usual notices of the presentation of his account, which came to the knowledge of the petitioner, Charles D. Holton, and he was represented at the hearing by counsel.

Sophia W. Greene, the other petitioner, lived in the state of Maine, and had no notice, in fact, of the settlement, or of the decree within sixty days from the time it was made. She made no special arrangements to be informed.

The referee's report did not find, in terms, that injustice had or had not been done by the decision of the judge of probate, but stated facts that showed there were no important questions of law or fact at issue which the petitioners, in good faith, intended to try.

*Parker*, for the plaintiff.

*Cushing*, for the defendant.

BINGHAM, J.   The statute gave Charles D. Holton sixty days within which to take his appeal if he was aggrieved by the decree allowing the executor's account.   Gen. St., c. 188, ss. 1, 2.

It does not appear that he was kept from taking an appeal through accident, mistake, or misfortune, and the petition as to him is denied.

Sophia W. Greene did not receive notice, and had no knowledge that the executor was going to settle his account, or of the decree allowing it, within sixty days after the time the decree was made.   It appears that she made no arrangement to be notified, and it is claimed that she is in fault on that account, so that she is not entitled to an appeal. The fact that she failed to make arrangements for being notified may be evidence on the question whether she was guilty of unreasonable neglect in not taking her appeal within sixty days, but it is not within the spirit of the statute to hold that this act alone is in law unreasonable neglect.   *Wilcombs' Petition*, 26 N. H. 370 ; *Woodworth* v. *Wilson*, 50 N. H. 220.

The remaining inquiry is, whether it appears that injustice has been done by the decree.   Gen. St., c. 188, s. 7.   The construction given this provision of the statute is, that if there are important questions at issue, which the petitioner, in good faith, desires and intends to try, and some evidence is offered to sustain the reason for the appeal, the leave to appeal will be granted without deciding the merits of the controversy.   *Moulton's Petition*, 50 N. H. 532 ; *Matthews* v. *Fogg*, 35 N. H. 291.   The facts found by the referee fail to make a case that authorizes the court to allow the appeal prayed for.

*Petition dismissed.*

ALLEN, J., did not sit: the others concurred.